UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Justin Jamal Lewis, | ) | C/A No. 8:25-cv-9758-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John Palmer, S. Terry, K. Borem, Duran, Dunbar, Burdette, Spikes, Burley, Angelica Brown, Cox, Pope, Rapley, McAllister, Felicia McKie, Don Phillips, Timothy Wheeler, Joel Anderson, S. Richardson, Dennis Patterson, Dr. Chris Kunlele, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Justin Jamal Lewis ("Plaintiff"), proceeding *pro se*, brings this civil action against the above-named Defendants. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in *pro se* cases and submit findings and recommendations to the District Court.

Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the McCormick Correctional Institution. Plaintiff has requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 15. Plaintiff, however, is subject to the three-strikes rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71 (1996) ("PLRA"). Accordingly, for the reasons explained below, Plaintiff's Motion to proceed *in forma pauperis* should be denied and the Complaint should be dismissed unless Plaintiff pays the full filing fee.

1

## BACKGROUND

Plaintiff commenced this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 on the standard form. ECF No. 1. Plaintiff has also filed a Motion for leave to proceed *in forma pauperis*, along with a financial certificate. ECF Nos. 15; 15-1.

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff contends his rights have been violated under the Fourth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 7. He asserts that he has been subjected to excessive force, denied effective counsel, subjected to cruel and unusual punishment, suffered due process violations, and subjected to medical neglect and malpractice. *Id.* Plaintiff contends that Palmer, Borem, and Durant conducted a random search of his cell, took his mattress and tablet, and forced him to sleep on a pallet on July 25, 2025. *Id.* at 8. Borem took Plaintiff's legal mail and did not perform an inventory on June 13, 2025, and returned the mail "with missing documents." *Id.* Borem, Turner, and Waltower placed Plaintiff on "nutraloaf in violation of American Correctional Association Standards" on June 14, 2025. *Id.* at 9. Waltower refused medical after Plaintiff became sick on June 14, 2025, from nutraloaf. *Id.* Borem assaulted Plaintiff on June 26, 2025, using excessive force. *Id.* Plaintiff presents other similar allegations pertaining to his confinement. *Id.* at 10–11.

For his injuries, Plaintiff alleges he suffers from back pain, pain in his right arm and wrist, pain in his right ankle, soreness throughout his entire body, head pain, neck pain, stomach pain, lack of sleep, nightmares, hallucinations, extreme psychological injury, constant weight loss, weakness, being light-headed and dizzy, lack of energy, sick to his stomach, voices in his head, trauma, loss of good time, loss of phone privileges, and loss of visitation. *Id.* at 9. For his relief, Plaintiff seeks money damages in the amount of $100,000,000 for punitive damages and $20,000,000 for actual damages. *Id.*

## APPLICABLE LAW

The PLRA requires this Court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Further, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees in what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. 595, 140 S. Ct. 1721 (2020).[1] The imminent danger "exception is triggered only if the incarcerated person alleges

---

[1] In *Lomax*, the Supreme Court held that a dismissal without prejudice for failure to state a claim qualifies as a strike under Section 1915(g), abrogating the holding of *McLean* that a dismissal without prejudice for failure to state a claim does not constitute a strike. *Lomax*, 140 S. Ct. at 1724.

sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022).

The PLRA's three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous or meritless litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. *Lomax*, 140 S. Ct. at 1726. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

## DISCUSSION

**Plaintiff's Three Strikes**

Plaintiff is subject to the three-strikes rule under 28 U.S.C. § 1915(g). Plaintiff is a "frequent filer" who has filed approximately eleven cases in this Court, including six cases in this year alone.[2] At least three dismissals of Plaintiff's prior cases should be deemed strikes under the PLRA in accordance with the standard set forth in *Lomax*. The Court will evaluate each dismissal in turn below. The undersigned notes that the Honorable Bruce Howe Hendricks recently denied Plaintiff's motion for leave to proceed *in forma pauperis* under the PLRA's three-strikes rule in

---

[2] The Court takes judicial notice of Plaintiff's prior actions filed in this Court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In addition to the present action (case number 25-9758), Plaintiff has previously filed actions at case numbers 25-7311, 25-5287, 25-1987, 25-0218, 25-0213, 24-7660, 24-5557, 24-2266, 20-3484, 14-4665.

another case filed by Plaintiff. *See Lewis v. Burnham*, C/A No. 8:25-cv-7311-BHH-WSB (D.S.C.); ECF No. 13 (Order adopting Report and Recommendation at ECF No. 8).

### *First Dismissal, No. 8:14-cv-4665*

On January 12, 2015, the Bruce Howe Henricks, United States District Judge, summarily dismissed Plaintiff's action at case number 8:14-cv-4665 for failing to state a claim. *Lewis v. Florence Cnty. Det. Cent.*, C/A No. 8:14-cv-4665-BHH-JDA, ECF No. 14 (D.S.C. Jan. 29, 2015) (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 10).

### *Second Dismissal, No. 4:25-cv-0218*

On February 13, 2025, Judge Hendricks dismissed Plaintiff's action at case number 4:25-cv-0218 for failing to state a claim. *Lewis v. State of South Carolina*, C/A No. 4:25-cv-0218-BHH-WSB, ECF No. 14 (D.S.C. Feb. 13, 2025) (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 10).

### *Third Dismissal, No. 8:25-cv-1987*

On April 29, 2025, Judge Hendricks dismissed Plaintiff's action at case number 8:25-cv-1987 for failing to state a claim. *Lewis v. Biden*, C/A No. 8:25-cv-1987-BHH-WSB, ECF No. 18 (D.S.C. Apr. 29, 2025) (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 16).

All three of these dismissals count as strikes under the PLRA in light of *Lomax* and other applicable case law. Because of these three strikes, Plaintiff cannot proceed with the instant action under the *in forma pauperis* statute unless his claims satisfy the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

**No Imminent Danger**

Plaintiff has not satisfied the § 1915(g) standard of "imminent danger" of serious physical injury. In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, C/A No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."); *Riches v. Harrelson*, C/A No. 6:08-cv-0685-MBS, 2008 WL 1744603, at *3 (D.S.C. Apr. 10, 2008).

The Complaint in this case makes conclusory and vague allegations regarding Plaintiff's medical treatment and the conditions of his confinement. However, Plaintiff's cursory assertions are insufficient to demonstrate an imminent danger of serious physical injury to satisfy the PLRA's exception to the three-strikes rule. *See Bryan v. McCall*, C/A No. 5:15-cv-871, 2016 WL 529574, at *3 (D.S.C. Feb. 10, 2016) (evaluating the imminent danger exception). Even if Plaintiff intended to assert that his life is in imminent danger, such an assertion is not supported by any plausible factual allegations in the Complaint. Plaintiff has not, for example, alleged what medical treatment, including medication or procedures, he believes are necessary and which have been denied or delayed. "[T]here is no 'imminent danger to serious physical injury' when prison officials deny medication to an incarcerated person who failed to demonstrate that the medication was necessary." *Hall*, 44 F.4th at 226 (citing *Richardson v. Hite*, 53 F. App'x 291, 292 (4th Cir. 2002) (finding no "imminent danger" in allegation that inmate was being denied medication for

his elevated cholesterol levels where inmate did not demonstrate that his cholesterol levels were necessarily dangerous or that medication was a medical necessity)). "[T]o show that the threat or danger of serious physical injury is imminent, a petitioner must at least allege that the medical treatment is *necessary* for their medical condition(s)." *Id*. (emphasis in original). Plaintiff has not alleged facts showing that any particular medical treatment is necessary but is being denied. *See, e.g., Meyers v. Honeycutt*, C/A No. 5:23-cv-00184-DCC-KFM, 2024 WL 1841951, at *3 (W.D.N.C. Jan. 16, 2024) ("Here, the plaintiff's allegations of delayed/denied medical care fall right into the category of wholly conclusory allegations lacking a basis in the record or complaint."), *R&R adopted by* 2024 WL 1840882 (W.D.N.C. Apr. 26, 2024); *Brown v. Sheriff Al Cannon Det. Ctr.*, C/A No. 4:24-cv-3238-RMG-TER, 2024 WL 3416459, at *3 (D.S.C. May 30, 2024) ("Plaintiff's allegations regarding vitamin D and his skin are not comparable and do not meet the standard of a type of condition that is likely to lead to impending death or severe harm."), *R&R adopted by* 2024 WL 3412624 (D.S.C. July 15, 2024); *Simpson v. Medford*, C/A No. 6:24-cv-05948-JD-KFM, 2024 WL 5345220, at *2 (D.S.C. Nov. 12, 2024) ("Even construing the plaintiff's complaint as alleging imminent danger due to denied dental care, his allegations of deficient medical care causing him 'imminent danger' are 'wholly conclusory and lack some basis in the record or complaint'." (citations omitted)), *R&R adopted by* 2025 WL 253389 (D.S.C. Jan. 21, 2025).

Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied. Plaintiff still may seek to litigate the claims in his Complaint, of course, if he pays the full filing fee. The filing fee (set by the Congress and the Judicial Conference of the United States) for a non-habeas civil action is four hundred and five dollars ($405). As a result, Plaintiff must pay the full filing fee of four hundred and five dollars ($405). **If Plaintiff timely pays the filing fee, the claims in**

his Complaint will then be subject to further review to determine if service of process should be authorized.

## CONCLUSION AND RECOMMENDATION

It is recommended that Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF No. 15) be **DENIED**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred and five dollars ($405) and that the Clerk of Court withhold entry of judgment until such time for payment expires.

If Plaintiff timely pays the filing fee, this action should be sent to the undersigned Magistrate Judge for further initial review.

If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the Complaint be dismissed without prejudice under the three strikes rule of 28 U.S.C. § 1915(g), and that the Clerk of Court enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

September 12, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).