IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Justin Jamal Lewis,                          )
                                             )
                    Plaintiff,               )
                                             )     Civil Action No. 8:25-cv-9758-BHH
v.                                           )
                                             )
John Palmer, Kevin Borem, Stanley            )     **ORDER**
Terry, Justin Durant, Ashely Cox,            )
Pope, Kevin Cunningham, Dorch,               )
C. Rapley, D.O. Roberts, S. Foster,          )
Angelica Brown, Sandra Outlaw,               )
Mcullough, Marquita McCullough,              )
Spikes, Burley, Brittany Soto, Arena         )
Thomas, Draquille Price, Jermaine            )
Moore, Megan Howard, D. Williams,            )
Burdette, Ryshema Davis, Charles             )
Jameson, Waltower, Turner, R.                )
McCalister, Middleton, S. White, R.          )
Turner, S. Moses, R. Moore, Byron            )
Bibbs, Dennis Patterson, Sam Ray,            )
Don Phillips,                                )
                                             )
                    Defendants.              )
_____      )

This matter is before the Court upon Plaintiff Justin Jamal Lewis's ("Plaintiff") *pro se*

amended complaint filed pursuant to 42 U.S.C. § 1983.  (ECF No. 34.)  In accordance with

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a

United States Magistrate Judge for preliminary review.

On February 9, 2026, the Magistrate Judge issued a report and recommendation

("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's

amended complaint without issuance and service of process and without further leave to

amend.  (ECF No. 37.)  In the Report, the Magistrate Judge explained that: (1) the

amended complaint as a whole is subject to summary dismissal because Plaintiff's

allegations are too vague and conclusory to state a claim for relief; (2) Plaintiff's amended complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure insofar as Plaintiff makes sweeping allegations that do not contain sufficient facts or specific circumstances involving Plaintiff or any specific Defendant; (3) Plaintiff's allegations concern unrelated claims arising at three different correctional facilities and cannot be litigated in the same action under Rules 18 and 20 of the Federal Rules of Civil Procedure; and (4) Plaintiff's allegations are conclusory and insufficient to state any plausible claims for relief.  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On February 23, 2026, Plaintiff filed objections to the Report.  (ECF No. 41.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

In his objections, Plaintiff asserts that he should be given leave to file another amended complaint in this action because his legal materials were being withheld from him when he filed his first amended complaint.  (ECF No. 41.)  Plaintiff states that he received his legal property on December 3, 2025; however, nowhere in his objections, which were filed almost two months after receiving his legal property, does Plaintiff specify which claims

and/or Defendants he would include in a second amended complaint.  Furthermore, Plaintiff has not submitted a proposed second amended complaint, or even an outline of a proposed second amended complaint; nor does Plaintiff otherwise sufficiently explain how a second amended complaint would remedy the deficiencies identified by the Magistrate Judge.  After consideration, therefore, the Court is not persuaded by Plaintiff's objections and finds no reason to grant Plaintiff one more bite of the apple in this action.

**Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 41); the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 37); and the Court summarily dismisses this action without issuance and service of process and without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 13, 2026
Charleston, South Carolina

3